**\*JANE THOMPSON ADMX., v. THE GEST STREET BUILDING ASSOCIATION.**

RIGHT TO APPEAL FROM CINCINNATI SUPERIOR COURT TO HAMILTON CIRCUIT COURT.

An action pending in the superior court of Cincinnati, on and before November 1, 1893, and in which a judgment was entered on June 20, 1894, ten days before the law of May 16, 1894, took effect, cannot properly be appealed to the circuit court on July 29, 1894, or at any time and a motion to dismiss such appeal will be sustained and the case stricken from the docket.

HEARD on motion to dismiss appeal.

SMITH, J.

This case was heard on a motion to dismiss the appeal. The facts on which the motion is grounded, briefly stated are these.

The action was begun in the superior court October 6, 1888, and on June 20, 1894, a final judgment was rendered therein. Notice of appeal was duly entered, and on June 29, 1894, the case was attempted to be appealed to this court by the giving of the bond, and the filing of the transcript and papers.

On the 18th day of April, 1893, an act was passed by the general assembly, which in effect abolished the general term of the superior court and gave, by an amendment to section 6709, to the circuit court of this county, the right to reverse, vacate or modify on petition in error filed therein, a judgment rendered, or final order made by said superior court, (93 O. L., 191.) To correct an error therein, this section, with a slight alteration not affecting this case, was re-enacted, January 30, 1894, (91 O. L., 8), and by the act of April 18, 1893, section 6709a was passed, and it provided that "all laws providing for appeals from the court of common pleas to the circuit court shall apply in like cases to the superior court of Cincinnati, and all laws regulating the practice, forms of process and procedure in error or appeal from the court of common pleas to the circuit court, shall be held to extend and apply to the superior court of Cincinnati, as fully as they extend to the court of common pleas."

This act took effect November, 1893, and continued in force until July 1, 1894. See act of May 16, 1894. (91, O. L., 277.)

It will be seen from the foregoing statement, that the question presented, is whether in a case which was pending in the superior court on and before November 1, 1893, and in which a judgment was entered on June 20, 1894, ten days before the day on which the law of May 16, 1894, took effect, might properly be appealed to the circuit court on July 29, 1894, or at any time.

It is apparent from an examination of the statutes which were in force up to November 1, 1893, that no right of appeal, as distinguished from a proceeding in error, was given from the decree or judgment of the special term of the superior court, to *any* court. And it is also ear that by the act of April 18, 1893, in section 6709, as therein re-enacted or in 6709a which last section appears for the first time, and which sections provide for proceedings in error and for appeal from the superior court to the circuit court, and in no other place in said statute, is there any

*This decision was considered again by the same court, and approved, in Blymyer v. Meader, 9 Circ. Dec., 173.

express statement that the law in question shall apply to actions then pending in the superior court, with the single exception that section 3 thereof, provides that all cases, pending in the general term of the superior court, and all unfinished business therein, at the time of the taking effect of the act, should be transferred to this court, nor so far as we can see was there any language used therein from which such legislative intent can be implied. How then under the express provisions of section 79, Revised Statutes, that "when the repeal or amendment relates to the remedy it shall not effect pending actions, prosecutions or proceedings unless so expressed," can this act affect this action which was pending in that court, prior to, and at the time of the taking effect of the act referred to November 1, 1893? It must be conceded also, we think, that this act, and the sections referred to, did relate to the remedy; and it would follow therefore, that section 6709a did not apply to actions then pending in that court, so as to give a right thereafter to any one, to appeal from a judgment rendered therein to the circuit court and this is the only section or provision of law which ever gave an appeal from that court to this.

Nor was there anything in the act of March 16, 1894, repealing the original statute of April 18, 1893, which can be construed as giving the right to appeal cases which were pending November 1, 1893, to the circuit court. Section 4 of this last act contains this proviso, to the repeal of sections 6709 and 6709a, viz: "Provided, however, that said section 6709a and section 1 of said act passed January 30, 1894 (section 6709) shall continue in force in so far as the same affect judgments rendered and final orders made by the superior court of Cincinnati, at special term prior to the taking effect of this act; but this act shall apply to all actions and proceedings which may be pending and undetermined in the superior court of Cincinnati at special term when this act takes effect July 1, 1894.

The effect of this provision as we understand, is simply this—that whatever effect section 6709 and 6709a originally had, still remains; as to actions which had been pending in the special term, but in which judgments had been rendered before the taking effect of the repealing law, viz: July 1, 1894. It did not give any new right of appeal or error— that is, if an action had been commenced in the superior court after November 1, 1893, and a judgment had been rendered therein before July 1, 1894, there was still a right of appeal in such cases, unless the time therefore had expired. But as there was not originally given by section 6709a a right of appeal in cases brought before November 1, 1893, this proviso did not give it. And as this case had been fully disposed of by the superior court, before July 1, 1894, it certainly does not come within the last provision of section 4 (the repealing section) which makes the act apply to all actions which may be pending and undetermined in that court when the act took effect July 1, 1894.

The general doctrine that statutes affecting the remedy do *not* apply to pending actions, unless so expressed, is conclusively settled by the decision in the case of *The State of Ohio ex rel.* v. *Rabbits*, 46 O. S., 178, and the other cases decided by the same court, cited by counsel for the appellant, which seem in any degree to militate against that view, notably 29 O. S., 19, as shown by Judge Minshall in deciding the Rabbits case, were under statutes which contained no such provision as to the amendment or repeal of statutes relating to the remedy, not affecting pending actions un-

less so expressed, which provision appeared for the first time in the revision of 1880.

The case of *McAlpin* v. *Clark*, decided by the general term of the superior court and reported in 2 S. & C. P. (13), 160, is cited as bearing on this case. It was there held that in a cause pending in that court on and before November 1, 1893, and in which judgment was rendered June 29, 1894, and a bill of exceptions filed June 30, 1894, and a petition in error filed in the general term July 24, 1894, that such court had no jurisdiction thereof, and that it could properly be filed in the circuit court. But we understand that the ground of this holding was that while the law of April 18, 1893, was in force, and afterwards as to all judgments rendered before July 1, 1894, by the superior court, that the law of 1893 conferred such jurisdictions *in error proceedings*, and that the provisions of section 79 did not apply to them, for the reason that the error proceeding was a *new one*, and not a continuation of the old action, and therefore was not a pending proceeding when the law came into operation.

This we think was correct. But an appeal is very different from a proceeding in error, as is shown by the decision of the Supreme Court referred to by Judge Smith in announcing the decision of the general term in that case. The former is a continuance of the original action, and it would be affected by any statute relating to the remedy in such cases, if it was stated therein, that it should affect pending actions.

Our conclusions then is that the appeal was not well taken, and that the motion to dismiss it should be sustained and the case stricken from the docket.

*Robert S. Fulton*, for the Motion.

*John Boutet, Contra.*